## BENEDICT *vs.* LAWSON.

Where a plaintiff proves the contract as declared, and a verdict is given for the defendant, a motion for new trial should be sustained.

THIS was an action of assumpsit, determined in the Pulaski circuit court, in July, 1843, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. *George and Henry Benedict* sued *Lawson* on a special

count and an indebitatus and quantum valebat count for lumber to the amount of $150, delivered to John Saylors. The delivery of the lumber was alleged in the first count to have been at the joint request of Saylors and Lawson; and in the other counts at the request of Lawson alone. The case was submitted to the court, sitting as a jury, on the plea of non-assumpsit. The court found for the defendant, and judgment accordingly. Motion for new trial overruled and exceptions, in which the evidence is set out.

The evidence was that Saylors wished to purchase some lumber to finish his house, and told one of the Benedicts that Lawson owed him about $130, (that being about what the lumber would cost,) and that if he would let him have the lumber, Lawson would pay him for it. Benedict then went to Lawson and told him what Saylors had said, and that the lumber would amount to about one hundred and forty dollars. Lawson told him to deliver the lumber to Saylors and he would pay for it, and that, if it amounted to only a little more than $130, he would pay something for Saylors out of his own pocket, as Saylors would not live long and his wife would then have a house to live in. Benedict then agreed to deliver the lumber as soon as he could. It was understood that Lawson owed Saylors $130. Witness had understood from general representation that the plaintiffs were partners in carrying on a saw mill. A month or two afterwards, one of the plaintiffs brought down 9,607 feet of lumber and delivered it to Saylors, worth $18 a thousand.

*Hempstead & Johnson,* for plaintiffs. The undertaking of the defendant was original and in no sense of the term "a promise to answer for the debt of another," so as to require a memorandum in writing to support it. So far from that being true, the consideration of the promise was a debt actually due from the defendant to Saylors; and which was discharged by the delivery of the lumber in question to Saylors by the defendant's direction. This is obviously a case not within the statute of frauds. *Chase vs. Day,* 17 *J. R.* 114. *Olmstead vs. Greenly,* 18 *J. R.* 12. *Bailey vs. Freeman,* 11 *J. R.* 221. *Nelson vs. Dubois,* 13 *J. R.* 175. *Allaire vs. Ouland,* 2 *J. C.* 52. *Leonard vs. Vredenburg,* 8 *J. R.* 29. 1 *Roll. Abr.* 27. 1 *East.* 135.

*Cowp.* 184.    *Slingerland vs. Moore,* 7 *J. R.* 463, *and note, and cases there cited.*

But even if the defendant was not indebted to Saylors, *it is manifest that the credit was given entirely to the defendant; that the contract in point of fact was made with him for the delivery of the lumber: that he absolutely promised to pay.* And I take the rule to be clearly established, that if a person part *with property on the faith and credit of the defendant's undertaking, it is an original contract and need not be in writing: nor is it embraced within the policy, letter or spirit of the statute of frauds.* *Houlditch vs. Milne,* 3 *Esp. Rep.* 86. *Croft vs. Smallwood,* 1 *Esp. Rep.* 121. *Williams vs. Leeper,* 3 *Burr.* 1886. *Keate vs. Temple,* 1 *Bos. & Pul.* 158.

*Pike & Baldwin,* contra. Does the evidence in this case show such a contract as can be enforced against Lawson under the statute of frauds? The provisions of the chapter on contracts, promises and agreements, so far as they touch this case, are precisely the same in substance, as the *Stat.* 29 *Car.* 2, *chap.* 3, *sec.* 4.

This case is not affected by the 2d section of that chapter of the Revised Statutes, because Lawson's promise was not collateral, but a direct one. *Croft vs. Smallwood,* 1 *Esp. Rep.* 121. 1 *Saund.* 211. *a. n.* *Edge vs. Frost,* 4 *T. R.* 243. *Langdale vs. Parry,* 2 *id.* 337. *Barber vs. Fox,* 1 *Stark. R.* 270. *Wood vs. Penson,* 2 *C. & J.* 94. *Dixon vs. Hatfield,* 2 *Bing.* 439. 10 *Moore* 42. *Darnell vs. Pratt,* 2 *C. & P.* 82.

It was once held that the statute did not apply to executor's contracts. But the distinction so taken has long been exploded, and the statute over and over again held to apply to cases precisely like the present. *Rondeau vs. Wyatt,* 2 *H. Bla.* 63. *Cooper vs. Elston,* 7 *T. R.* 14. *Garbutt vs. Watson,* 5 *B. & Ald.* 613. *S. C.* 1 *T. R.* 219. *Wilks vs. Atkinson,* 6 *Taunt.* 11. *West Middlesex Water W. Comp. vs. Suwerkropp, Mood. & Malk.* 408. *Bennett vs. Hull,* 10 *J. R.* 364. *Crookshank vs. Burrell,* 18 *J. R.* 58. *Sewall vs. Fitch,* 8 *Cowen,* 215. *Eichleberger vs. McCanley,* 5 *Harr. & J.* 213. *Jackson vs. Covat,* 5 *Wend.* 139. *Long on Sales,* 64. *Smith vs. Surman,* 9 *B. & C.* 561. *Watts vs. Friend,* 10 *B. & C.* 446.

Ferguson *vs.* Ross.

Nor can this fall within that class of cases where the fact that work had to be done about the articles to be furnished has been held to take them out of the statute. *Towers vs. Sir John Osborne, Str.* 506. *Clayton vs. Andrews,* (since overruled by *Garbutt vs. Watson,*) 4 *Burr.* 2101. *Groves vs. Buck,* 3 *M. & S.* 178. *Smith vs. Surman,* 9 *B. & C.* 575: because there is no showing in this case that the lumber was not in existence, or was still to be sawed, when this contract was made; and therefore this cannot be considered as a contract for work and labor, as well as for lumber to be furnished. 23 *Wend.* 270. 1 *D. & R.* 219. 4 *Man. & Ry.* 455. 21 *Pick.* 205.

*By the Court,* LACY, J. It is clear that the court, that tried the cause, erred in not granting the plaintiffs a new trial. The evidence shows that the plaintiffs agreed to deliver a certain quantity of lumber to John Saylors at the special instance of and request of the defendant, and that he stipulated on his part to pay for it, and that the plank was delivered agreeably to the terms of the contract. And the court (in this action which is assumpsit) gave judgment for the defendant. The contract is proved as declared on; and the record shows that the whole facts were submitted to the court, as well as the law; and that the judgment should have been for the plaintiffs. Judgment reversed.